■ PAUL MICALLEF, Respondent, v. MIEHLE CO., DIVISION OF MIEHLE-GOSS DEXTER, INC., et al., Appellants.—In an action to recover damages for personal injury predicated upon the alleged negligent design and manufacture of a photo-offset press machine and upon breach of implied warranty of fitness for use, defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County, dated October 26, 1973, following a jury trial limited to the issue of liability only, as (1) set aside a jury verdict in their favor on the negligence cause of action, (2) directed that a new trial be had on all issues of liability as to both causes of action, (3) denied their motion to enter judgment on the negligence cause upon the jury's finding that plaintiff was contributorily negligent and (4) denied their motion

for judgment as a matter of law on the breach of warranty cause. Order reversed insofar as appealed from, on the law, with costs, jury's verdict on the negligence cause of action reinstated and judgment directed in favor of defendants on the breach of warranty cause. Plaintiff was injured while he was using a photo-offset press machine in the course of his employment which had been designed, constructed and sold by defendants. The proof established that while plaintiff was attempting to remove a foreign particle from the face of the printing plate while the press was in operation (in printer's jargon, "chasing hickies"—"on the run"), his hand became caught and pulled into the intersection of the opposite turning plate and ink rollers, known as a nip point. The practice was common in the trade, was performed several times a day, and the danger of being caught in the nip point was known to the trade. More significantly, plaintiff was well aware of this danger and was fully cognizant of the possible consequences of his act when he proceeded to "chase the hickie". It was neither claimed nor established that the press possessed any latent or patent defect. A manufacturer may not be held to respond in damages for either negligence, breach of implied warranty or strict liability to a user injured by a patent danger or defect of which he knew or should have known and which he could have ascertained by examining the item in question (Uniform Commercial Code, § 2–316, subd. [3], par. [b]; *Codling* v. *Paglia*, 32 N Y 2d 330; *Tatik* v. *Miehle-Goss-Dexter, Inc.*, 28 A D 2d 1111, affd. 23 N Y 2d 828; *Campo* v. *Scofield*, 301 N. Y. 468). While in some circumstances such a determination may not be made as a matter of law (see, e.g., *Verduce* v. *Board of Higher Educ. in City of N. Y.*, 8 N Y 2d 928, revg. on dissenting opn. at 9 A D 2d 214, 216; *Broderick* v. *Cauldwell-Wingate Co.*, 301 N. Y. 182; *Boerio* v. *Haiss Motor Trucking Co.*, 7 A D 2d 228), such circumstances are neither present at bar nor claimed by plaintiff to be present. Even assuming, however, that such circumstances were present, we have reviewed the trial court's charge in this respect and hold that it sufficiently complied with the rule of law enunciated in these cases and that the jury's finding of contributory negligence was binding upon the trial court and hence was improperly set aside. We note too, that while in *Boerio* (*supra*) the Third Department held a lessor of machinery to the standard enunciated in the two other cases last cited, in our view such liability should be reserved for a defendant who was present at the scene of an accident and had taken charge of the situation or who has directed the plaintiff to, or assured him that he could, proceed in the face of a known danger. Defendants at bar were neither present in plaintiff's print shop nor in control; nor did they offer plaintiff any assurance of safety. He proceeded at his own risk and the rules of the above-cited cases do not offer him any excuse for his actions; nor did they shift the liability to defendants. Shapiro, Acting P. J., Cohalan, Christ, Brennan and Benjamin, JJ., concur.